## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARKRISHAN SINGH,<br><br>              Petitioner,<br><br>      v.<br><br>MARK BOWEN, et al.,<br><br>              Respondents. | CASE NO. 5:26-cv-02557-SK<br><br>**ORDER GRANTING HABEAS PETITION** |

Harkrishan Singh, a native and citizen of India detained at the Adelanto ICE Processing Center, petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner entered the United States in September 2023 without inspection.  (ECF 1 at 5).  Shortly after his entry, the Department of Homeland Security (DHS) arrested petitioner but released him days later on an order of release on recognizance.  (*Id.* at 5, 9; ECF 1-3, Ex. B).  Petitioner has a pending application for asylum, authorization to work here in the meantime, and no criminal history.  (ECF 1 at 14).  According to his verified petition, he has complied with every condition of his release.  (*Id.*).  Yet he was arrested at his residence in May 2026 and detained without a bond hearing.  (*Id.* at 15).  Petitioner now challenges his custody and seeks release or, at minimum, an individualized bond hearing.  (*Id.* at 3, 17).

In its answer, the government denies no fact in the petition and defends no legal theory supporting petitioner's continued detention.  (ECF 9).  It does not dispute petitioner's claims that his re-detention was unlawful, that he was denied the administrative process due upon re-detention, or that

he should be released pending removal proceedings because he is neither a danger to the community nor a flight risk.  Instead, the government just announces and proclaims that, "at most," petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a).  (*Id.* at 2).  Its only given reason is that petitioner "appears to be a member of the Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Nov. 25, 2025).  (*Id.*).

But petitioner counters that he is not a member of the Bond Eligible Class in *Maldonado Bautista* (because he was apprehended and released at or near the border at the time of his entry rather than encountered later in the interior).  (ECF 10 at 2–3).  He adds that his individual merits claims—seeking release, not just a bond hearing—are justiciable regardless of the minimum class-wide relief available under the *Maldonado Bautista* judgment.  (*Id.*).  So, while petitioner does not deny that a bond hearing may be minimally adequate, he maintains that release is also authorized—and, under the facts and claims in his petition, warranted.  (*Id.* at 3–5.)

Where the "government does not offer any argument on the merits" of the petition here, "it has waived any challenge to the arguments [] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).  If anything, respondents have conceded that petitioner deserves habeas relief, resisting only its maximum scope and urging that petitioner be granted "at most" a bond hearing under § 1226(a) as if he were subject to the *Maldonado Bautista* judgment.  (ECF 9 at 2).  But petitioner rejects the premise of that argument.  (ECF 10 at 2–5).  So respondents' raw assertion cannot carry the necessary weight—or do the responsible work—they seem to think it can. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("a bare assertion does not preserve a claim").  Where the verified facts in a petition are undisputed, the legal claims remain unchallenged, and the ostensible basis

for conceded relief is rejected, there is no basis for the court to look further under the hood of the petition to question the primary form of requested relief.  *See Margolin v. Nat. Assn. of Immigration Judges*, 608 U.S. ----, *2 (2026) (*per curiam*); *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020).

This is not a case in which petitioner sought only a bond hearing or stood silent in the face of the government's acquiescence to a bond hearing in accordance with the declaratory judgment in *Maldonado Bautista*.  Nor is this a case in which the government developed a basis—statutory, equitable, or otherwise—for confining the habeas remedy to a bond hearing.  If such a basis were developed and joined, a habeas writ of release conditioned on an adequate bond hearing may be the appropriate disposition.  So a case in which the government defended the lawfulness of the re-detention or articulated a reasoned ground for limiting the remedy might come out differently.  "To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat."  *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

* * *

For all these reasons, the petition for a writ of habeas corpus is GRANTED.  Within 48 hours of this order, respondents shall RELEASE Petitioner Harkrishan Singh (A# 245-250-440) from custody upon the same conditions of release and supervision in effect at the time of his May 6, 2026 arrest and detention.

IT IS SO ORDERED.

DATED: June 3, 2026

_____
HON. STEVE KIM
United States Magistrate Judge

3